THE UNITED STATES, APPELLANTS, *v.* JOHN C. FREMONT.

Where the record is not filed by the appellant, within the time prescribed by the rules of this court, and the appellee files a copy of it, the appeal will be dismissed upon his motion.

Also, where a mandate went down from this court to the district court of the United States for the northern district of California, and that court entered a decree according to the mandate, this furnishes no ground for an appeal, and the case will be dismissed upon that ground.

THIS was an appeal from the district court of the United States, for the northern district of California, and was a sequel to the same case reported in 17 How. 553.

As the case involved a principle somewhat novel, and especially an important point of practice, the reporter thinks it proper to insert the papers upon which the motion to dismiss the appeal was founded.

The appellee, J. C. Fremont, (by his counsel,) moves to dismiss this appeal, and brings here in to court the certificate of the clerk of the district court of the United States for the northern district of California, stating the case, and certifying the appeal as prayed, allowed, and sued, (at the instance and prayer of the attorney for the United States for the district aforesaid,) for and on behalf of the United States, in the month of July of the present year 1855 —

And for causes of dismissal, the following are assigned and shown.

1. That the said appeal is, in fact and truth, nothing but an appeal from the opinion and decree and mandate of this supreme court of the United States pronounced between the same parties, at December term, 1854, (reported in 17 How. 553, 576,) entered of record in the said district court of the United States for the northern district of California, in strict conformity with the opinion and mandate of this supreme court, and made the decree of said district court. Wherefore the

United States v. Fremont.

appeal, so as aforesaid prayed and allowed, is subversive of order and due subordination, in derogation of the supreme judicial power and authority of the supreme court of the United States as established by the constitution, unlawful in the inception, tending in its consequences, (if indulged,) to vexatious delay and endless litigation.

2. Because the party appellant has failed to docket the case and file the record thereof with the clerk of this court within the first six days of this term, as required by the rules of this court.

The appellee further moves for permission to take out a copy of the dismission, when granted, forthwith, in order to prevent further delay.

JONES, CRITTENDEN, and BIBB,

Dec. 14, 1855.                                    *for Appellee.*

MANDATE SUPREME COURT UNITED STATES.

*United States of America, ss.*

The President of the United States of America, to the Honorable the judge of the district court of the United States for the northern district of California:                *Greeting:—*

Whereas lately, in the district court of the United States for the northern district of California, before you, in a cause between the United States, appellants, and John C. Fremont, claimant and appellee; the decree of the said district court was in the following words, namely:—

This cause coming on to be heard at the above stated term, on appeal from the final decision of the commissioners to ascertain and settle private land claims in the State of California, under the act of congress approved March 3, 1851, upon the transcript of the proceedings and decision, and the papers and evidence on which said decision was founded, and also upon the testimony and depositions taken before this court, and the arguments of counsel for the United States and for the claimant being heard, it is ordered, adjudged, and decreed, that the decision of the said commissioners be in all things reversed and annulled, and that the said claim be held invalid and rejected, " as by the inspection of the transcript of the record of the said district court which was brought into the supreme court of the United States, by virtue of an appeal agreeably to the act of congress in such cases made and provided, fully and at large appears.

And whereas in the present term of December, in the year of our Lord one thousand eight hundred and fifty-four, the said cause came on to be heard before the said supreme court on the said transcript of the record, and was argued by counsel, on

consideration whereof it is the opinion of this court that the claim of the petitioner to the land as described and set forth in the record is a good and valid claim. Whereupon it is now here, ordered, adjudged, and decreed, by this court, that the decree of the said district court in this case be and the same is hereby reversed, and that this cause be and the same is hereby remanded to the said district court for further proceedings to be had therein, in conformity to the opinion of this court.

You, therefore, are hereby commanded that such further proceedings be had in said cause, in conformity to the opinion and decree of this court as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding.

Witness the Honorable Roger B. Taney, chief justice of said supreme court, the first Monday of December, in the year of our Lord one thousand eight hundred and fifty-four.

WM. THOMAS CARROLL,
*Clerk Supreme Court of the United States.*

Indorsed: Filed, June 4, 1855.

JOHN A. MONROE, *Clerk.*
By W. H. CHEVERS, *Deputy.*

---

*Decree of United States District Court.*

The United States, appellants, }
v. } Stated term, June 27, 1855.
John C. Fremont, appellee. }

Comes now the said John C. Fremont, by his attorney, and the United States by theirs, also come, and the mandate of the supreme court of the United States having been filed in this court, duly authenticated under the seal of the said supreme court, and certified by the clerk thereof—whereby it appears that at the December term of said supreme court, 1854, that is to say, on the 10th day of March, 1855, upon the appeal by the said John C. Fremont, from the decree of this court, reversing the decision of the said commissioners, and holding invalid and rejecting the claim of the said John C. Fremont, (the said appeal having come on to be heard before the said supreme court, upon the transcript of the record of this court,) the said supreme court rendered, and pronounced a judgment and decree in the following words to wit: " It is the opinion of this court that the claim of the petitioner to the land as described and set forth in the record, is a good and valid claim. Whereupon, it is now here adjudged and decreed by this court that the decree of the said district court in this cause be and the same is hereby reversed, and that this cause be and the same is hereby remanded to the

said district court for further proceedings to be had therein in conformity to the opinion of this court.

It is therefore ordered, adjudged, and decreed, by this court, that the claim of the said John C. Fremont, to the land as described and set forth in the record, is a good and valid claim, and that the said claim be and the same is hereby confirmed to the extent of ten square leagues, the quantity specified in the original grant, set forth in the record, and within the limits therein mentioned, the said land to be surveyed in the form and divisions prescribed by law for surveys in California and in one entire tract.

M. HALL MCALLISTER,

*Circuit Judge United States District of California.*

OGDEN HOFFMAN, Jr.

*United States District Judge.*

Indorsed: Filed June 27, 1855.

JOHN A. MONROE, *Clerk.*

By W. H. CHEVERS, *Deputy.*

---

### Notice of Appeal.

District court of the United States in and for the northern district of California.

The United States, appellants, &#125;
     *v.*
John C. Fremont, appellee.

Sir: The United States intend to appeal from the final decree of the court in this cause.

S. W. INGE,

*United States District Attorney.*

To JOHN A. MONROE, Esq., *Clerk.*

Indorsed: Filed, June 27, 1855.

JOHN A. MONROE, *Clerk.*

By W. H. CHEVERS, *Deputy.*

---

District court of the United States in and for the northern district of California.

The United States, appellants, &#125;
     *v.*
John C. Fremont, appellee.

Sir: The United States intend to appeal from the final decree of the court in this cause.

S. W. INGE,

*United States District Attorney.*

To VOLNEY E. HOWARD, Esq.

### *Marshal's Return.*

I served this notice in person, by copy, on V. E. Howard, this 27th day of June, 1855.

W. H. RICHARDSON, *United States Marshal.*
By Q. E. SEWELL, *Deputy.*

Indorsed: Filed, June 28, 1855.
JOHN A. MONROE, *Clerk.*
By W. H. CHEVERS, *Deputy.*

In the district court of the United States for the northern district of California.

The United States ⎱ Appeal from the board of commissioners
        *v.* ⎰ to ascertain and settle private land-claims
John C. Fremont. ⎰ in California.

Be it remembered that on the return of the mandate from the supreme court of the United States, (in the appeal from the decision of this court heretofore rendered in this cause,) the said John C. Fremont moved the court to pronounce a decree in pursuance of said mandate, in the form of the decree in that behalf in the record of this cause appearing, (excepting the following words, to wit: " The said land to *ceptions.* be surveyed in the form and divisions prescribed by law for surveys in California, and in one entire tract,") to which motion the attorney for the United States objected, and after arguments, the court, on June 27, 1855, refused to render the decree as prayed by the said John C. Fremont, but added thereto the words above quoted, as to the mode of survey, and rendered the decree in this behalf accordingly, to which decision of the court (adding the above quoted words) and to the said portion of said decree directing the mode of survey, the said John C. Fremont by his counsel, at the proper time, duly excepted, and prayed that this his exception be signed and sealed by the court, and made a part of the record of this cause, which is accordingly done.

M. HALL MCALLISTER,
*Circuit Judge United States for the District of California, and Presiding Officer United States District Court.*
OGDEN HOFFMAN, Jr.
*United States District Judge, Northern District of California.*

Indorsed: Filed, June 28, 1855.
JOHN A. MONROE, *Clerk.*
By W. H. CHEVERS, *Deputy.*

*Order granting Appeal.*

At a stated term of the district court of the United States of America, for the northern district of California, held at the courthouse in the city of San Francisco on Monday, the 23d day of July, in the year of our Lord one thousand eight hundred and fifty-five.

*Present :—*

HON. M. H. McALLISTER, *Circuit Judge.*
HON. OGDEN HOFFMAN, JR., *District Judge.*

The United States, appellants, }
        *v.*
John C. Fremont, appellee. }

In this case, on application of the United States attorney, made in open court, it is ordered by the court, that an appeal on behalf of the United States from the final decision of this court rendered in said cause at the present term be and the same is hereby granted.

And that a certified transcript of the pleadings, evidence, depositions, and proceedings in the said cause be sent to the supreme court of the United States, without delay.

Indorsed : Filed July 23, 1855.

JOHN A. MONROE, *Clerk.*
by W. H. CHEVERS, *Deputy.*

UNITED STATES OF AMERICA.

*Northern District of California.*

I, John A. Monroe, clerk of the district court of the United States of America for the northern district of California, do hereby certify that the annexed pages from one to one hundred and twenty inclusive, contain a full, true, and correct transcript of the record on file from the Board of Land Commissioners, together with the pleadings, depositions, orders, opinion, decrees, bond, mandate of the supreme court of the United States, and the proceedings thereon in this court, filed in this office in the case entitled : The United States, appellants, *v.* John C. Fremont, appellee.

In testimony whereof I have hereunto set my hand and affixed the seal of the said court, this 18th day of October, in the year of Lord one thousand eight hundred and fifty-five, and of our Independence the eightieth.

JOHN A. MONROE, *Clerk.*
by W. H. CHEVERS, *Deputy.*

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal from the northern district of California.

A final decree was entered in this case at the last term, and a mandate was issued to the district court, directing such further proceedings in conformity to the opinion and decree of this court, as according to right and justice, and the laws of the United States, ought to be had.

This court reversed the decision of the district court, and ordered, adjudged, and decreed, that the claim of the said John C. Fremont, to the land as described, and set forth in the record, is a good and valid claim; and that the said claim be, and the same is hereby confirmed to the extent of ten square leagues, the quantity specified in the original grant, set forth in the record and within the limits therein mentioned, the said land to be surveyed in the form and divisions prescribed by law for surveys in California, and in one entire tract."

The mandate was filed in the district court, and the counsel of Fremont, moved the court for an order in pursuance of said mandate, in the form of the decree in that behalf elsewhere in the record of the case appearing, excepting the following words, " the said land to be surveyed in the form and divisions prescribed by law, for surveys in California, and in one entire tract," which motion was opposed by the district attorney of the United States. The district court entered the decree upon its record, refusing to omit the words, moved by the appellee, and to this refusal his counsel excepted.

No further proceedings were had, as appears from the record; and at a subsequent day of the district court, the attorney of the United States applied for an appeal in open court, in behalf of the United States, from the final decision of that court, at the above term, which was granted.

The appeal was allowed the 23d of July, 1855, more than three months before the commencement of the present term of this court; and no record of the case having been filed within six days, after the commencement of the term, as the rule requires, a record of the case being filed by the appellee, a motion is made to dismiss the appeal on the ground that there was no action of the district court on which an appeal could be taken. And also, on the ground that the appellants have failed to file the record within the rule.

It was the duty of the appellants to file the record and docket the cause, within the first six days of the present term; the decree appealed from having been entered sixty days before the commencement of the present term. With the exception of California, Oregon, Washington, New Mexico, and Utah, appeals or writs of error allowed are required to be docketed within the

first six days of the term, if entered or allowed, thirty days before its commencement.

The appellants having failed to file the record, it was filed by the appellee, which entitles him, under the rule, to have the cause dismissed.

But the counsel for the appellee insist that the appeal should be dismissed, on the ground that it was taken with the intent to bring before this court a review of its decree entered at the last term. As there was no action by the district court, except the entry of the mandate upon its records, the appeal brings before us only, that which was transmitted to the district court by the mandate. This is an irregular procedure; and it must have been entered without a particular examination by the court.

· The appeal is dismissed, and the clerk is directed, forthwith, to certify this decision to the district court.

Mr. Justice CATRON.

I agree that, by the 19th, 30th, 43d, and 63d rules governing the practice of this court, the record presented was not filed in time, and that therefore the appeal must be dismissed for want of prosecution. But I do not concur that, on the present motion to dismiss, we ought to decide the question, whether the district court could or could not allow the appeal on the decree made there, on the ground that the decree did not conform to the mandate of this court.

The motion to dismiss for want of prosecution, and the motion to dismiss for want of jurisdiction, to entertain the · appeal, are different and distinct in their character; the one only dismisses the appeal and allows a second; and the other bars it.

· The practice has been, when the record was not filed in time, for the defendant in error, or appellee, to produce a certificate from the clerk, or a copy of the record duly certified, showing that the writ of error or appeal had been taken, and that it operated as a *supersedeas*, when the cause was docketed and dismissed. But when a motion was made to dismiss the cause for want of jurisdiction in this court to entertain the writ of error or appeal; or in other words, want of authority in the court below to allow it, (which is the question here,) then the record was ordered to be printed, briefs filed, and the question discussed in the usual way. Nor has it ever occurred in my experience in this court, to set down a cause to be heard at the same time, on both motions. The consequence must be in such a proceeding, that if the plaintiff in error is turned out of court for his neglect, in not filing the record in time, he has no power to move for a *certiorari* to amend the record, filed by the other

side, and then this court bars a second appeal by further adjudging that no jurisdiction existed in the inferior court to allow it. And such is the judgment in this case.

Some of the most stringent controversies that have come before us, have arisen on motions to dismiss for want of jurisdiction, and especially in causes brought here from state courts under the 25th section of the judiciary act.

The idea in such cases, that a state court decision should in effect, be affirmed, and the plaintiff in error barred, by dismissing case for want of jurisdiction, on the presentment of a manuscript record, without furnishing the court with even a brief (as was done here) is not only contrary to our established practice, but is calculated to do great mischief to suitors.

In the instance before us, I never saw the papers until after I heard the opinion of the majority of the court read. I deemed it unimportant, on the first question, to read the record, as it had not been filed in time, nor was a valid excuse offered for the delay. On the second question, I had then formed no opinion. In his remarks, the attorney-general referred us to a letter of the district attorney of the United States for the northern district of California, which was officially written to the secretary of the interior, and presented to us, as part of the attorney-general's argument, setting forth the reasons why the appeal was prosecuted. These reasons, in substance, are, that this court, in its opinion delivered by the chief justice at the last term, (17 How. 565,) remanded the cause, and directed the court below to enter a decree conformably to that opinion; which opinion (ibid. 558) declared : " That if any other person within the limits where the quantity granted to Alvarado should be located, had afterwards obtained a grant by specific boundaries before Alvarado had made his survey, the title of the latter grantee could not be impaired by any subsequent survey for Alvarado; and that as between individual claimants from the government, the title of the party who had obtained a grant for the specific land would be the superior and better one."

And it is insisted, in this argument, that the district court should have inserted in its decree, the foregoing conclusions, and have protected individual titles and rights, in the region of country where Colonel Fremont's claim might be located, ordering that such lands should be excluded from the survey as Fremont's land, although they were embraced within its outboundaries. And, secondly, that, in the opinion of this court, the district court was directed to cause the grant to Alvarado to be surveyed, " in the form and divisions prescribed by law for surveys in California." But that it had made no decree as to the form of the survey, and disregarded the instruction, leaving

it to the surveyor to ascertain the law, and to locate the land, according to the law of California, whether it was Mexican or United States law; whereas, it is insisted that the true construction of the grant to Alvarado, (as to the manner in which it shall be surveyed,) was a judicial question; and that, as the concession was for the purposes of cultivation and pasturage, a survey should be made of lands suited to these purposes, and that the district court ought so to have adjudged and decreed, and to have excluded a survey of barren mountains, including improved gold mines, contrary to the plain intention of the parties to the grant as originally made.

The questions presented were supposed to be of grave importance and much difficulty, and, therefore, no imputation of unfair and oppressive conduct should be cast on the officer of the government who prayed this appeal, under the express sanction of the district court.

It is manifest that Fremont, the appellee, believed he might appeal, if he saw proper to do so. He took a bill of exceptions, and had it signed by the court, to its ruling, that his claim should be surveyed in one tract. As no bill of exceptions lies, in cases of this description, an appeal could have been prosecuted, on the affirmative fact, that too much had been inserted in the decree, contrary to the mandate of this court; so, on the other hand, if not enough was put into the decree, to execute the mandate, an appeal would equally lie. As a general rule, this is undoubted. It is plainly apparent that both parties, and the court, believed that an appeal would lie.

I hold it to be true, however, that the appeal should not have been allowed. By the treaty of peace with Mexico, the legal title to the public lands in California was vested in the United States, onerated with private claims to parts thereof. Alvarado's claim was presented as one of this character, and being brought before this court, was pronounced to be a good and subsisting claim; and furthermore, that all the conditions it contained were subsequent conditions, which, by the treaty, ceased to have any binding force; and, therefore, they were struck from the grant as being no necessary part thereof. It was also held, that the claim, in this condition, was assignable, and properly assigned to Colonel Fremont; and, as there was no grant to any specific tract of land, that Colonel Fremont held a common interest in the public lands generally, lying within a large section of country described in the grant.

This decision reduced the claim to the condition of a mere floating land warrant, that could not be located by judicial authority, more than an ordinary floating warrant can be located by the decree of a court; and, therefore, when seeking location,

it must, of necessity, address itself to the executive or legislative power.

The district court, having entered the decree as directed, had no jurisdiction to take any further step in the cause. It follows that the executive department must determine for itself whether any law exists authorizing that branch of the government to ascertain and survey the land, and issue a patent for it, by which the title of the United States will be devested, and transferred to the grantee.

## *Order.*

This cause came on to be heard on the transcript of the record from the district court of the United States for the northern district of California, filed by the appellee, John C. Fremont, and, on the motion of Messrs. Crittenden and Bibb, of counsel for the appellee, to docket and dismiss this appeal, pursuant to the 63d rule of this court, and was argued by counsel, as well against as in support of the said motion. On consideration whereof, it appearing to this court that the appellants have altogether failed to prosecute their appeal pursuant to the rules of this court. And, also, as the mandate only was entered on the records of the district court, no action being had thereon, that there was no ground for an appeal in this cause from the said district court, it is thereupon now here ordered, adjudged, and decreed by this court, that this appeal be and the same is hereby docketed and dismissed, and that this cause be and the same is hereby remanded to the said district court, with directions to proceed therein according to law and in conformity to this decision. And it is further ordered by this court here, that the clerk do forthwith issue a writ of *procedendo* in this cause to the said district court.