TRULOCK v. THE FRIENDSHIP LODGE, K. OF P.

Appeal: PRACTICE : SECOND APPEAL AFTER AFFIRMANCE ON FIRST. Plaintiff appealed to this court from the judgment against him, and, upon failure to perfect the appeal, it was affirmed on motion. *Held* that, while such judgment of affirmance stood, even though it was erroneously entered, a second appeal could not be maintained.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, OCTOBER 6, 1888.

ACTION by plaintiff, who was an officer of defendant, charged with the custody and disbursement of its money, to recover for payments made by him on a claim that he was in arrears in his accounts. The case was sent to a referee, and, on exceptions to his report, recommending judgment for plaintiff, it was set aside, and judgment was rendered for defendant on the ground that the action was barred by the statute of limitations. An

application for a new trial, on the ground of newly-discovered evidence, was overruled.   Plaintiff appeals.

*T. J. Trulock* and *A. H. Stutsman*, for appellant.

*P. Henry Smyth & Son*, for appellee.

BECK, J.—A motion to dismiss the appeal was submitted with this case.   It is based upon these facts : An appeal was taken in the case by plaintiff after the judgment, and upon failure to perfect the appeal it was affirmed, on motion, at the last December term, and a judgment to that effect was entered in this court, which stands in full force and effect.   It is very plain that we must regard this judgment as a final adjudication in this case.   But counsel claim that plaintiff withdrew the appeal taken by him, and no appeal was pending when the judgment was affirmed in this court.   But, surely, the judgment of this court cannot be assailed in this collateral way.   If the judgment was erroneously entered, the plaintiff must pursue another course to correct the error.   The alleged withdrawal of the appeal, as we understand the facts, was made by service of a notice upon the defendant to that effect.   There was no dismissal of the appeal in this court.   As we now remember the case, this court, upon the motion to affirm the judgment, considered the claim of plaintiff that his appeal had been withdrawn, and upon the facts then before us affirmed the judgment.

In   our   opinion   defendant's   motion   must   be sustained, and the appeal of plaintiff must be

DISMISSED.