ROBERT E. DEWEY, APPELLEE AND CROSS-APPELLANT, V. M. ELLEN SIM DEWEY, APPELLANT AND CROSS-APPELLEE.

223 N. W. 2d 826

Filed December 12, 1974. No. 39324.

Paul E. Galter, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit and Walter E. Zink, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an appeal from an order of the District Court made upon an application under section 42-372, R. R. S. 1943, to vacate and modify a decree dissolving a marriage. The District Court affirmed its earlier decree of dissolution, but modified it with respect to the order on alimony. The respondent wife appeals. Here she seeks to raise many issues, including the propriety of the decree of dissolution and the constitutionality of sections 42-347 to 42-372, R. R. S. 1943.

One procedural issue is dispositive of the appeal and requires its dismissal. The issue may be stated in this way: Does the power of the District Court, under the provisions of section 42-372, R. R. S. 1943, to modify a decree of dissolution within 6 months of its entry, survive an intervening order of this court dismissing an earlier appeal of the wife from the same decree?

A summary of what occurred will clarify the issue. After trial the court on November 16, 1972, entered a decree dissolving the marriage, dividing the property of the parties, and awarding minimal alimony to the wife. The wife perfected an appeal from that decree by taking the necessary procedural steps on December 15, 1972. The husband filed a motion to dismiss the wife's appeal. The principal basis of the motion was

that the respondent had accepted benefits under the decree and that consequently, under our holding in Larabee v. Larabee, 128 Neb. 560, 259 N. W. 520, her appeal was barred under the principle that a party cannot accept a part of a judgment and appeal the remainder. Further grounds of the motion were that she had not caused to be prepared and filed in the District Court a bill of exceptions within the time required by rule of this court and that she had made no request for an extension of such time as required by Rule 7 f, providing as follows: "A request for extension must be made within the time originally prescribed or within an extension previously granted." We acted upon the motion and dismissed the appeal on April 2, 1973.

On May 8, 1973, less than 6 months after the entry of the decree, the wife filed an application to modify in the District Court. This application asked, among other things, that the decree of dissolution be set aside and set forth various grounds for such relief. On June 13, 1973, the application was heard, and on August 30, 1973, the District Court modified the decree to the extent previously mentioned. Its journal entry recites that in so doing it had reexamined the evidence of the original hearing and received evidence cumulative thereto. The District Court determined that section 42-372, R. S. Supp., 1972, "should be interpreted to mean that, although the respondent herein instituted within one month an appeal from the decree entered November 16, 1972, and suffered an involuntary dismissal on April 2, 1973, by the Supreme Court of said appeal nevertheless said respondent may institute thereafter but within six months of November 16, 1972, proceedings in the district court to modify said decree; and that this court, the District Court which rendered said decree of November 16, 1972, has jurisdiction of said proceeding so instituted to modify."

Section 42-372, R. R. S. 1943, provides as follows: "A decree dissolving a marriage shall not become final or operative until six months after the decree is rendered, except for the purpose of review by appeal, and for such purpose only the decree shall be treated as a final order as soon as rendered. If an appeal is instituted within one month, such decree shall not become final until such proceedings are finally determined. If no such proceedings have been instituted, the court may, at any time within such six months, vacate or modify its decree. If such decree shall not have been vacated or modified, unless proceedings are then pending with that end in view, the original decree shall at the expiration of six months become final without any further action of the court."

The wife argues that the primary purpose of the statute "is to *prevent* the premature finalizing of decrees" during the time an appeal is pending and that accordingly the power of the District Court to modify continues as to any application filed within the 6-month period irrespective of the outcome of the appeal. She further argues: "Section 42-372 does no more than take all jurisdiction away from the trial court while the appeal is pending. Once the appeal is disposed of, the Supreme Court is out of the picture, and for the remainder of the six-month period (if any) the trial court may vacate or modify."

We must reject the respondent's contention both on the basis of the language of the statute and principles applicable to the finality of determinations of an appellate court.

The first sentence of the statute has the apparent purpose of permitting review in this court of the trial court's determinations before the decree becomes final and not, as respondent argues, of preventing premature finalization. No special statute would be needed for that latter purpose. An appeal properly perfected un-

der the provisions of sections 25-1911 and 25-1912, R. R. S. 1943, prevents any final judgment or order from becoming final while the appeal is pending. See Westphalen v. Westphalen, 115 Neb. 217, 212 N. W. 429. The second sentence of the statute is simply a reiteration of the effect of the perfection of an appeal upon the judgment appealed from. It also necessarily implies, what would be the case even without such statute, that an affirmance by this court makes the decree and the judgment final. It is obvious, of course, that if this court reverses for further proceedings there is no immediate finality. The third sentence of the statute gives the District Court the power to vacate judgments within 6 months if no appeal is perfected. The converse is also implied, namely, that if the appeal is perfected, the District Court has no power to vacate or modify.

Any other construction of the statute would in effect give the District Court the power to review, upon subsequent motions to vacate and modify in marriage dissolution cases, final determinations of this court. Such a procedure would have the effect of making litigation in such cases endless. It is not significant that in most instances the 6-month period will have elapsed before the court has an opportunity to act. This opinion should not, of course, be considered as determining the effect of section 42-372, R. R. S. 1943, where an appeal has been perfected and then voluntarily dismissed by the appellant. Neither do we suggest that the rule we have set forth here has application where the appeal is dismissed by us for want of jurisdiction. See United States v. Fremont, 59 U. S. 30, 15 L. Ed. 302. Nor do we purport to decide the question of whether, after a dismissal such as we have here, the District Court may still, during the 6-month period upon application of both parties, set aside a decree of dissolution for purposes of reconciliation.

The suggested construction would also violate well-established, but seldom enunciated, principles applicable to the finality of appellate court determinations. Anderson v. Richards, 173 Ohio St. 50, 179 N. E. 2d 918, 96 A. L. R. 2d 307, illustrates the principle involved. In that case it was argued that, because the dismissal of an appeal for want of prosecution was not a hearing on the merits, the dismissal did not have the effect of res judicata. The Supreme Court of Ohio rejected the contention, holding that there could not be a second appeal even though time for perfecting the same after the first dismissal still remained. See, also, the concurring opinion of Mr. Justice Catron in United States v. Fremont, *supra*.

The appeal must accordingly be dismissed.

APPEAL DISMISSED.

BOSLAUGH, J., concurs in the result.