H & S LTD., An Iowa Corporation, Plaintiff-Appellee,

v.

Daniel M. ANDREOLA, Defendant-Appellant,

and

Lamand Mortgage Company, Inc., An Iowa Corporation, Defendant.

No. 83–1118.

Court of Appeals of Iowa.

Dec. 26, 1984.

Paul J. Bieber, Davenport, for defendant-appellant.

Mark J. Smith of Wells, McNally & Bowman, Davenport, for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

Two issues are presented for review in this appeal by the defendant below. The first question, as yet apparently unresolved by our courts, is whether there is jurisdiction over an appeal to denial of a motion to vacate a judgment, when the judgment has previously been appealed and that appeal dismissed for lack of prosecution. The second question involves the merits of defendant's claim that the judgment should be dismissed because he was allegedly not served with either a subpoena for discovery or a motion for sanctions, and because no motion to compel was sought prior to a finding the defendant was in default. The trial court rejected defendant's claim these actions warranted dismissal of the default pursuant to Iowa Rule of Civil Procedure 252. We find that we have jurisdiction over this appeal and affirm the trial court's conclusion.

The plaintiffs commenced an action against the defendants seeking actual and punitive damages for breach of contract and misrepresentation in a loan transaction. The defendants filed an answer and counterclaim. A trial was set for April 7, 1982.

On March 19, 1982, defendant Daniel M. Andreola was served with a notice of deposition directing that he bring "any and all corporate books or records pertaining to operation of Lamand Mortgage Company along with nonprivileged correspondence and records pertaining to the agreement between H & S Ltd. and Lamand Mortgage Company. Also required to produce all records of stockholders of Lamand Mortgage Company and all records of any holding company for Lamand Mortgage Company." The defendant was directed to appear for a deposition on March 26, 1982. Apparently through an agreement of counsel for both sides, the deposition was reset for April 1, 1982. At the deposition on April 1, the defendant failed to produce the records requested although he agreed to produce at least some of them by April 5.

On April 5, 1982, defendant's counsel was allowed to withdraw. On April 7, the plaintiff filed a motion for sanctions based on the defendant's failure to comply with a subpoena duces tecum.

On April 14, the district court entered an order ruling the defendants in default for bad faith noncompliance with the subpoena duces tecum, and willful refusal to supply the documents demanded by April 5. The district court also dismissed defendant's counterclaim. After holding a hearing on damages, a judgment was entered against Andreola on May 11, 1982.

Andreola then filed a notice of appeal on June 10, 1982. The appeal was dismissed October 6, 1982, pursuant to Iowa Rule of Appellate Procedure 19 for failure to prosecute.

A petition to vacate the judgment was then filed by Andreola on March 16, pursuant to rule 252. He claimed the judgment was obtained through irregularity or fraud, and there was unavoidable casualty or misfortune which prevented him from defending. After the hearing, the court rejected his arguments, finding that he was not entitled to claim that his counsel's withdrawal constituted unavoidable casualty or misfortune, because the defendant caused the withdrawal. The court also rejected other claims, determining the facts upon which defendant based his claims were before the court prior to the entry of the May 11, 1982, judgment and were rejected at that time. All the claims, then, would have been included in his prior appeal which was dismissed.

**I. Jurisdiction of this Court**

The plaintiff urges on appeal that this court cannot have jurisdiction over the appeal, since the issues presented here were decided under the previous appeal. Our courts have recognized the doctrine of "law of the case" which indicates that when an issue is appealed and decided, it cannot

again be appealed by the parties. *Sauer v. Scott,* 238 N.W.2d 339, 342 (Iowa 1976). However, when the appeal is disposed of without a decision on the merits, an entirely different question is presented. *See id.* Our court has apparently not specifically addressed the question of whether dismissal of an appeal for want of prosecution involves the type of action which allows a second appeal.

We are faced with two issues. One issue is whether a dismissal of the first appeal for want of prosecutions acts as an affirmance of the judgment. If it acts as an affirmance, we then must further ask whether affirming the judgment precludes a motion to vacate that judgment, or whether such a motion is a separate action which would be allowed even if the judgment was affirmed by the appeals court.

The Iowa Supreme Court has made references to preclusion of subsequent appeals in a one-paragraph decision of 1888. The court stated:

A motion to dismiss the appeal was submitted with this case. It is based on these facts: An appeal was taken in the case by plaintiff after the judgment and upon failure to perfect the appeal it was affirmed, on motion, at the last December term, and a judgment to that effect was entered in this court, which stands in full force and effect. It is very plain that we must regard this judgment as a final adjudication in this case.

*Trulock v. The Friendship Lodge K. of P.,* 75 Iowa 381, 382, 39 N.W. 654, 655 (1888). Our court rules have changed, and instead of providing for affirmance of the judgment when the appeal is not properly perfected, it is dismissed for want of prosecution. Iowa R.App.P. 19. However, the language is indicative of the supreme court's attitude in this regard.

In other jurisdictions, this issue has infrequently been addressed in recent years, as reflected by the fact most of the decisions on point were made in the 19th century. Where a determination has been pronounced, a split of authority has developed. A collection of these cases shows one view

that dismissal for want of prosecution is the same as affirmance of the judgment and bars a second appeal. Annot. 96 A.L. R.2d 312 (1964). Authorities on the opposite side of the fence contend that since such a dismissal does not determine the merits of the case, a second appeal would be allowed. *Id.* at 314. There is also some indication that a second appeal is allowed unless there is a statute which bars the subsequent appeal. 4 C.J.S. Appeal & Error § 34 (1957).

The United States Supreme Court has distinguished a dismissal for lack of prosecution from other dismissals, stating:

The motion to dismiss for want of prosecution, and the motion to dismiss for want of jurisdiction, to entertain the appeal, are different and distinct in their character; the one only dismisses the appeal and allows a second; the other bars it.

*United States v. Fremont,* 59 U.S. (18 How) 30, 37, 15 L.Ed. 302, 303 (1855). Unfortunately, it is not clear from the language of the Court which type of dismissal allows for a bar to subsequent appeals. However, two recent cases referring to the opinion interpret it to mean that when an appeal is dismissed for want of prosecution, a second appeal is barred. *Bray v. Cox,* 38 N.Y.2d 350, 354, 342 N.E.2d 575, 576, 379 N.Y.S.2d 803, 806 (1976); *Dewey v. Dewey,* 192 Neb. 676, 680, 223 N.W.2d 826, 828 (1974). We agree with this interpretation of the Supreme Court case; and the recent cases holding a subsequent appeal is barred, which indicate a growing majority trend towards this conclusion. *Id. Anderson v. Richards,* 173 Ohio St. 50, 53, 179 N.E.2d 918, 922 (1962). *First American Natl'l Bank of Iuka v. Alcorn, Inc.,* 361 So.2d 481, 493 (Miss.1978).

As we stated, our inquiry does not end here. The first appeal bars only that which would be barred if the underlying judgment had been affirmed. In the widely published *Anderson* case, the Ohio Supreme Court specifically noted that in its jurisdiction all questions which could have been raised on appeal are barred from be-

ing raised later, even if not actually presented in the first appeal. *Anderson v. Richards,* 173 Ohio St. at 53, 179 N.E.2d at 920. The same situation was involved in other cases where the second appeal was dismissed. *Dewey v. Dewey,* 192 Neb. at 680, 223 N.W.2d at 828, *Bray v. Cox,* 38 N.Y.2d at 353–54, 342 N.E.2d at 577, 379 N.Y.S.2d at 805–06. While many other jurisdictions have held that all issues which could be presented on appeal are barred from subsequent appeal, our jurisdiction has limited the effect of an appeal to only those questions actually presented. The court has unequivocally stated, "a question not passed on is not included," in matters precluded. *In re Lone Tree Community School Dist. of Johnson & Louisa v. County Board of Education of Louisa County,* 159 N.W.2d 522, 526 (Iowa 1968).

We must then ask whether the questions presented by a motion to vacate a judgment are included in an affirmance of the judgment. The supreme court has answered this in the negative and allowed a motion to vacate a judgment to follow affirmance of the judgment by the appellate court. The court in *Shaw v. Addison* stated, "an appeal from a judgment does not deprive the appellant of his statutory right to petition for a vacation of that judgment and a new trial if that procedure is timely." *Shaw v. Addison,* 236 Iowa 720, 727, 18 N.W.2d 796, 800 (1945) (*citing Rauch v. Des Moines Electric Co.,* 206 Iowa 1155, 1156, 221 N.W. 788 (1928); *Kenwood Lumber Co. v. Armstrong,* 197 Iowa 1239, 1243, 198 N.W. 521, 523 (1924); *Chambliss v. Hass,* 125 Iowa 484, 487, 101 N.W. 153, 156 (1904); *Cook v. Smith,* 58 Iowa 607, 608, 12 N.W. 617 (1882)). The supreme court further addressed the merits of claims of irregularity, mistake, and fraud raised in a rule 252 action following a prior appeal of the judgment in *Windus v. Great Plains Co.,* 255 Iowa 587, 122 N.W.2d 901 (1963).

■ Therefore, we conclude that while dismissal of the first appeal bars subsequent appeals, it cannot bar an appeal from the separate decision dismissing the motion to vacate the original judgment. This court has proper jurisdiction over the appeal.

## II. Merits of the Appeal

■ Our review of the trial court action is limited to errors of law. *Jacobson v. Leap,* 249 Iowa 1036, 1041, 88 N.W.2d 919, 922 (1958). The trial court is vested with wide discretion and its findings on the facts are entitled to the same weight as a jury verdict. *Hansman v. Gute,* 215 N.W.2d 339, 342 (Iowa 1974). The evidence required to support an application to vacate a judgment under rule 252 is greater than that required to set aside a default under rule 236. *Davis v. Glade,* 257 Iowa 540, 546, 133 N.W.2d 683, 687 (1965). Even where no findings of fact were made, the trial court decision will be upheld if any proper ground appears in the record. *Williamson v. Casey,* 220 N.W.2d 638, 639 (Iowa 1974).

■ Defendant Andreola claims he should be allowed relief pursuant to rule 252, stating there has been irregularity or fraud, and casualty or misfortune preventing him from properly defending against the judgment. His basis for this argument is his claim that there was no proof of service showing he was served with the subpoena duces tecum, that there was also no proof of service showing he was served with the motion for sanctions, and irregularity in that no motion to compel preceded imposition of sanctions.

The record shows that Andreola admitted in his own exhibit that he had received the subpoena for the March 26 deposition, and he further admits his attorney agreed that the deposition would be postponed until April 1. The transcript provided of the deposition shows that, after initial refusal and a great deal of prompting on the part of his counsel, Andreola agreed to furnish the documents requested by April 5.

Andreola's claim regarding lack of service upon him of the motion for sanctions is

also without merit. In his petition to vacate the judgment, he admits in his affidavit that he personally received the motion on April 1, the same day it was filed.

■ The defendant refers the court to Iowa Rule of Civil Procedure 134, and the case of *Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421 (Iowa 1982) for support of his claim that a motion to compel erroneously did not precede the finding of default. In *Suckow* the court stated when no court order has been disobeyed a sanction lesser than dismissal "may" be indicated, and dismissal is the sanction "*generally* used when a party has violated a trial court's order." *Id.* at 426. (emphasis added). This case merely indicated that when reviewing claim of abuse of trial court discretion in imposing sanctions, these guidelines may indicate when such an abuse has occurred. We are not concerned here with whether the court abused its discretion in ordering such a harsh sanction. Rather, we must ask if the failure to attempt to compel discovery through a court order prior to imposition of sanctions was an irregularity and if the trial court abused its discretion or made an erroneous conclusion of law in deciding that no irregularity occurred. The supreme court has indicated that violation of a discovery rule alone may warrant sanctions and a court order is not required. *Sullivan v. Chicago & Northwestern Transportation Co.*, 326 N.W.2d 320, 324 (Iowa 1982). We find ample support for the trial court's conclusion to reject the motion to vacate.

■ We further find no error in denial of defendant's motion on the claim of fraud. He alleges that the plaintiff misstated the facts in its motion for sanctions by claiming defendant had been served with the subpoena. As discussed, we find there is ample evidence through defendant's own admissions that he received the subpoena, and the plaintiff's statements were not erroneous or fraudulent.

AFFIRMED.