ELEANOR H. JOHNSON v. ARNOLD E. JOHNSON.

169 N. W. (2d) 595.

July 18, 1969—No. 41489.

*Ruttenberg, Orren, Griswold & Cohen, Lawrence D. Cohen,* and *Royal C. Orren,* for appellant.

*Doherty, Rumble & Butler, Boyd H. Ratchye, Hitchcock & Hitchcock,* and *Raebern B. Hitchcock,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Appeal from a judgment and decree of divorce and from two orders of the trial court denying defendant's motions for amended findings of fact, one of which also denied a new trial.

The only issue properly presented to us for review on this appeal is whether a trial court when granting a divorce may, in the absence of special circumstances, leave the real property acquired by the parties during coverture in joint tenancy pending a determiniation of their rights by the court at some indeterminate future date.

During their marriage, plaintiff, Eleanor H. Johnson, and defendant, Arnold E. Johnson, acquired personal property in the form of corporate stock, a savings certificate, and cash, as well as approximately 25 acres of largely undeveloped real estate in Ramsey County. During the 7-day trial of plaintiff's action for divorce on the ground of cruel and inhuman treatment and defendant's cross-complaint on the same ground, the parties bitterly contested the issues of custody of the four children of the marriage, division of the property acquired during coverture, and alimony for the plaintiff.

The trial court granted an absolute divorce,[1] awarded custody of the oldest daughter to plaintiff and of the three younger children to defendant, divided the parties' personal property

---

[1] Issues with respect to the validity of the form of the decree and the failure to include findings as to grounds are raised for the first time on appeal. We decline to consider either since they are not properly before us and appear as mere makeweight to defendant's efforts to secure a reconsideration and redetermination of the issues of alimony and property division. Further, the record clearly supports the granting of a divorce to either of the parties on the ground of cruel and inhuman treatment.

equally between them, and granted plaintiff $200 per month as permanent alimony. In addition, the trial court made the following disposition of the real property acquired by the parties during coverture and owned jointly by them:

"That the real property owned jointly by the plaintiff and defendant and described as follows, to-wit:

"The Northwest 1/4 of the Northwest 1/4 of Section 12, Township 28, Range 22, except the Southerly 450 feet of the Westerly 250 feet thereof, and except the northerly 362 feet and except the westerly 40 feet thereof, Ramsey County, Minnesota, 25 acres more or less [,]

"shall not be divided at this time, but the title shall remain in the parties' joint names, subject to further orders of the court.

\* \* \* \* \*

"That if either party should die while the property is held in joint tenancy, then the title to the property shall vest in the names of the surviving joint tenant and the children born of this marriage, namely, Karen Johnson, Holly Johnson, Mark Johnson, and Lynn Johnson as joint tenants."

Defendant contends that an award of an undivided interest in the real property of the marriage subject to future orders of the court is in direct conflict with Minn. St. 518.64, which provides:

"\* \* \* Except for an award of the right of occupancy of the homestead, all divisions of real and personal property provided by sections 518.58 and 518.59 *shall be final* \* \* \*." (Italics supplied.)

It is clear that the trial court failed to make a final award of the real property in this case. Instead, plaintiff was awarded an undivided one-half interest in the property subject to future orders of the court. The only apparent reason for this unusual award seems to have been a hope by the trial court that after a period of time in which to "cool off," the parties would be able to reach an amicable agreement on the disposition of this property. However, this award is not in accord with either the

letter of § 518.64 or the common experience of courts in divorce matters. As we observed in Maust v. Maust, 222 Minn. 135, 138, 23 N. W. (2d) 537, 539:

"* * * The bitterness and animosity existing between the parties to this action, as clearly demonstrated by the record, indicates with certainty that any decree which would make plaintiff and defendant joint owners of the property here involved would lead to further strife and litigation."

See, Longbotham v. Longbotham, 119 Minn. 139, 137 N. W. 387. In addition, the trial court's disposition might seriously endanger the marketability of the property. It is doubtful if a prudent buyer would feel secure with a conveyance from the parties alone. Moreover, there is nothing in the statutes which authorizes a court to award the children of the marriage any interest whatsoever in the property acquired during coverture, as the trial court did in this case.

Although we have approved an award of an undivided interest in the property acquired during coverture, we have done so only in those rare cases where special circumstances not only justified but, in fact, virtually compelled the trial court to make such a division of the property. In Longbotham v. Longbotham, *supra*, the husband's title to several parcels of the real property was uncertain at the time the divorce was granted, while in Holmes v. Holmes, 255 Minn. 270, 96 N. W. (2d) 547, estimates of the husband's net worth, based largely on unliquidated corporate interests, ranged from $447.86 to $600,000. Thus, in each of those cases, no equitable, absolute division of the property could have been made. In this case, however, there is little difference of opinion on the value of the property, and the title to it is clear. Therefore, there was no justifiable reason for the trial court either to defer a division of this property until a later date or to vest in the parties an undivided interest. Such a delay in the absolute division of part of the property when the rest of it has already been divided would likely complicate an ultimate

equitable division of the property rather than contribute to a satisfactory adjustment between the parties.

Accordingly, we are compelled to remand the issue of a division of the property, including the question of the alimony to be awarded to plaintiff, for a reconsideration and redetermination upon the existing record and upon such further testimony as the parties with the permission of the court may submit. Because of the lack of clarity in the trial court's findings, the court on remand should fully reexamine these questions in light of the factors set forth in § 518.58 to guide its disposition.

Reversed and remanded.