TRUMAN MARKEGARD v. IRENE MARKEGARD.

197 N. W. 2d 726.

May 19, 1972—No. 43133.

*Irene Markegard,* pro se, for appellant.

*Rufer, Hefte, Pemberton, Schulze & Sorlie* and *Gerald S. Rufer,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Gunn, JJ.

Per Curiam.

This is an appeal from a judgment whereby defendant wife, pursuant to a counterclaim, obtained a divorce from her husband, a property settlement, and an award for alimony. The defendant wife appeals, contending principally that the trial court erred in granting her an inadequate share of the property acquired by the parties during the marriage and insufficient alimony.

The parties were first married in 1936, divorced in 1938, and remarried in 1939. The defendant wife is now 52 years of age and the plaintiff husband is 59 years of age. Three children were born of the marriage. All of the children are married and not dependent on the parties. The trial court found that plaintiff husband treated defendant wife in a cruel and inhuman manner justifying an absolute divorce.

The court awarded defendant wife $48,000 or its equivalent, approximately one-third of the accumulated property in plaintiff's name and that held jointly by the parties. In addition, she was awarded her personal property. The award also included alimony in the sum of $350 per month from August 1970 until the property settlement is paid, and the sum of $175 per month thereafter, and transfer to defendant wife of a lake cottage which had served as a homestead of the parties, together with the furnishings, equipment, and a boat. A lien on plaintiff husband's property was provided to secure payment.

Defendant wife's appeal is based on many claims, including misconduct of the husband, inadequacy of her trial counsel, and low valuation fixed by the trial court for the property of the parties.

The misconduct of plaintiff husband is understandably a source of irritation to defendant wife. While relative fault of the parties is a factor to be considered in fixing an award, it is not a purpose of the award to punish. Bollenbach v. Bollenbach, 285 Minn. 418, 175 N. W. 2d 148 (1970).

The record fails to support defendant wife's complaints concerning her counsel and the valuations fixed by the court as to the property of the parties. The record discloses that the contention of plaintiff husband that the properties involved had at the original presentation a valuation of approximately $90,000, and admitted at trial to amount to $127,094.30, was rejected by the court. The court valued the property at $148,379. Prior to engaging counsel, defendant wife had agreed to accept the sum of $30,000 as a property settlement. This occurred under circumstances not approved by this court. A default judgment to this effect, based upon stipulation, was, through the efforts of her counsel, vacated and set aside. An answer was interposed and there was a contested trial.

Difficult as it may be for defendant wife to comprehend, this marriage of many years has disintegrated and is now dissolved upon her application. An examination of the record reveals that she was fully heard, both formally and informally, with and without counsel. The findings now under review are the third set of findings filed in this proceeding. Her share in the property was enlarged each time new findings were made. An extended trial and hearings on many motions were conducted by the trial court. Each case must be determined by its own facts. Krohn v. Krohn, 284 Minn. 95, 169 N. W. 2d 389 (1969). Awards made by the trial court for alimony and for adjudication of property rights will not be set aside on appeal unless, in the light of the evidence as a whole, it appears that the trial court has abused its dis-

cretion. 6A Dunnell, Dig. (3 ed.) § 2799a and cases cited in note 1, p. 164.

Defendant complains that plaintiff is delinquent in alimony payments. This is a matter which may be presented to the trial court.

There has not been presented to this court any basis for a holding that the trial court abused its discretion. The judgment is affirmed.

Affirmed.

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.