CHARLES LEUTGERS, ADMINISTRATOR OF THE
ESTATE OF GLEN PALMER KASTEN, v.
CORA T. KASTEN AND OTHERS.

204 N. W. 2d 210.

January 26, 1973—No. 43567.

*I. L. Swanson,* for appellant.

*Rufer, Hefte, Pemberton, Schulze & Sorlie* and *Oscar J. Sorlie, Jr.,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Todd, JJ.

PER CURIAM.

Defendant, Cora T. Kasten, appeals from a district court judgment determining that an earlier judgment of divorce severed the joint tenancy estate by which defendant and Glen P. Kasten, her former husband now deceased, had held title to certain farmlands during their marriage. The dispositive issue presented is whether a stipulation incorporated into a judgment of divorce awarding the wife "one-half interest in the real estate" effectuates, by mutual agreement, a severance of the divorced parties' previous joint tenancy ownership of the real estate. We hold that a severance resulted and affirm the judgment.

Defendant and Glen Kasten were married on September 2, 1943, four years later, they became the owners of the farmlands in question by virtue of a conveyance to them "as joint tenants and not as tenants in common." On May 28, 1968, the parties were divorced pursuant to a judgment which incorporated the language of a prehearing property-settlement stipulation authorizing the trial court to award to defendant "one-half interest in the real estate now owned by the parties and * * * proceeds thereof" and providing that "plaintiff [Kasten] is awarded the remaining one-half interest in said real estate."

Defendant's former husband died on July 10, 1969. Defendant, claiming sole ownership, sold the farmlands on August 12, 1970, pursuant to a contract for deed. Not having joined in that sale, plaintiff, the administrator of Glen P. Kasten's estate, instituted this action to determine the title to the real estate sold; to partition the property according to the respective rights and interests of the parties; and to have defendant held accountable for any share of the proceeds of the sale payable to the administrator. The lower court determined that the property-settlement stipulation incorporated in the judgment of divorce "severed the joint tenancy ownership and made each party the owner of an undivided one-half interest."

In Greiger v. Pye, 210 Minn. 71, 75, 297 N. W. 173, 175 (1941), this court, recognizing a well-established principle,[1] held:

"Nor can there be any doubt that joint tenants by their mutual agreement may sever their joint tenancies. That result necessarily follows since one tenant may, even without the consent of his cotenant, sever the estate."

It is not contested that the stipulation incorporated into the judgment of divorce was anything other than a mutual agreement volun-

---

[1] See, also, 2 Tiffany, Real Property (3 ed.) § 425; Freeman, Cotenancy and Partition (2 ed.) § 31; Annotation, 64 A. L. R. 2d 918, 941; 20 Am. Jur. 2d, Cotenancy and Joint Ownership, § 15.

tarily entered into by both parties with the aid and advice of counsel. Nor is there any doubt that the comprehensive stipulation was intended by both parties to determine their separate rights and interests in all property, both real and personal, which they had acquired during coverture. As such, it appears that by written agreement the parties unambiguously manifested their intention to sever the joint tenancy, and the judgment operated to effectuate that intent.

The interpretation we give the stipulation incorporated into the judgment should not be taken out of context; both parties were represented by able counsel with respect to the rights fixed under the stipulation. We are compelled to assume that counsel would thus be aware of the policy consideration embodied in Minn. St. 500.19, subd. 2, disfavoring the establishment of estates in joint tenancy in this jurisdiction [2] as well as the necessity in divorce proceedings of a final determination of the issue of property division. Upon this record we fail to see any support for defendant's claim of joint tenancy, for if the parties did not intend to sever such prior ownership of the farmlands, merely excluding any mention of them in the stipulation would have accomplished that purpose.

We further hold that the trial court did not err in rejecting as immaterial and violative of the parol evidence rule offers of proof regarding the amount defendant contributed toward the purchase of the lands and conversations between decedent and defendant's two brothers tending to contradict the plain meaning of the written stipulation and judgment. See, 7 Dunnell, Dig. (3 ed.) §§ 3368 and 3388.

Affirmed.

---

[2] Minn. St. 500.19, subd. 2, provides in pertinent part: "All grants and devises of lands, made to two or more persons, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy." See, also, Johnson v. Johnson, 284 Minn. 181, 169 N. W. 2d 595 (1969); Hendrickson v. Minneapolis Federal Sav. & Loan Assn. 281 Minn. 462, 161 N. W. 2d 688 (1968).