## MOLLY E. COOPER v. SAM COOPER.

214 N. W. 2d 682.

February 1, 1974—Nos. 44258, 44259.

*Dorsey, Marquart, Windhorst, West & Halladay, Peter Dorsey,* and *Roger J. Magnuson,* for appellant.

*Dorfman, Rudquist & DuFour, Leo Dorfman,* and *Thomas Tews,* for respondent.

Heard before Knutson, C. J., and Kelly, MacLaughlin, and Mulally, JJ., and considered and decided by the court.

EDWARD D. MULALLY, JUSTICE.*

These appeals arise from a divorce action brought by Molly E. Cooper. Defendant, Sam Cooper, interposed an answer to plaintiff's complaint and subsequently filed an amended answer and counterclaim seeking a divorce from plaintiff. Each party alleged as grounds for divorce cruel and inhuman treatment within the purview of Minn. St. 1969, § 518.06(3). While the case was pending and before trial, this statute was amended to

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

substitute the present ground of a course of conduct detrimental to the marriage relationship. L. 1971, c. 177, § 1, effective April 30, 1971.

Although the action was tried as a contested matter, it appears that neither party wanted or expected the marriage relationship to continue, and the primary issue relates to the propriety of the court's distribution of assets.

At the time of the trial, plaintiff, Molly E. Cooper, was 56 years old. Defendant, Sam Cooper, her husband, was 68 years old. They were married on December 30, 1961. Plaintiff was first married in February 1939. That marriage ended with her husband's death in September 1951. She remarried in 1956, and that marriage ended in divorce in 1960. Plaintiff has never been gainfully employed since 1939. Plaintiff brought to her marriage with defendant certain household goods and the sum of $30,000, which she received as a property settlement in her 1960 divorce.

Defendant immigrated to the United States from Poland in 1921, settling in Grand Forks, North Dakota. With a small amount of borrowed money and a considerable amount of work, he and his first wife built up a business and acquired property to the extent that at the time of his first wife's death in 1960 defendant's net worth was approximately $258,000. Defendant retired after the death of his first wife and has had no earned income since that time.

The trial court ordered a judgment of divorce for plaintiff on the grounds of cruel and inhuman treatment and conduct detrimental to the marriage relationship, denied defendant a divorce on his counterclaim, and made distribution of the assets. Defendant has appealed from the order of the court denying his motion for a new trial and from the judgment.

The assets which the court divided consisted of real estate, personal property, securities, and certain life insurance policies. Although the values of the various properties are in dispute, it appears that, no matter which appraisal is used, the property awarded to plaintiff constitutes approximately 35 percent of the

total assets of both parties. The total includes $6,000 still remaining from the $30,000 received by plaintiff from the property settlement made in her prior divorce proceeding. A considerable portion of the $30,000 was spent by plaintiff on weddings and gifts for her three daughters. The amount of income each party may derive from the property received is also in dispute. Nothing would be gained by an extended discussion on this point.

In addition, defendant was ordered to pay to plaintiff permanent alimony in the amount of $400 per month and $2,879 for attorney's fees. Defendant was further ordered to maintain by the payment of the premiums thereon two policies of life insurance, each of the face value of $5,000 insuring the life of defendant, and on which policies plaintiff is to be designated as irrevocable beneficiary until defendant is no longer required to pay permanent alimony to plaintiff.

The trial court's determination with respect to property and alimony awards is final unless this court determines there has been an abuse of discretion. Bollenbach v. Bollenbach, 285 Minn. 418, 175 N. W. 2d 148 (1970); Cozik v. Cozik, 279 Minn. 91, 155 N. W. 2d 471 (1968); Kucera v. Kucera, 275 Minn. 252, 146 N. W. 2d 181 (1966); Albertson v. Albertson, 243 Minn. 212, 67 N. W. 2d 463 (1954).

The relevant statutes on property division are Minn. St. 518.54, subd. 5; 518.58; 518.59; 518.63.[1]

---

[1] Minn. St. 518.54, subd. 5, reads: "Except as provided in this subdivision, 'property acquired during coverture' means any property, real or personal, acquired by the parties, or either of them, to a divorce or annulment proceeding at any time during the existence of the marriage relation between them, or at any time during which the parties were living together as husband and wife under a purported marriage relationship which is annulled in an annulment proceedings. 'Property acquired during coverture' does not include any property real or personal, acquired by either spouse before, during, or after coverture, where said property is acquired as a gift, bequest, devise or inheritance made by a third party to one but not to the other spouse, or any property transferred from one spouse to the other."

Minn. St. 518.58 reads: "Upon a divorce for any cause, or upon the an-

Although an extensive analysis of the property division cases in Minnesota would not be helpful since each case must be determined on its own facts, Krohn v. Krohn, 284 Minn. 95, 98, 169 N. W. 2d 389, 391 (1969); Cozik v. Cozik, 279 Minn. 91, 97, 155 N. W. 2d 471, 475 (1968), relevant decisions of this court do provide some benchmarks in determining if an abuse of discretion has taken place.

This court in Messer v. Messer, 289 Minn. 449, 452, 184 N. W. 2d 801, 803 (1971), stated:

"In effecting the division of property the trial court may consider the ages of the parties, earning ability of each, conduct of their marriage and its duration, station they occupy in life, cir-

---

nulment, the court may make such disposition of the property of the parties acquired during coverture as shall appear just and equitable, having regard to the nature and determination of the issues in the case, the amount of alimony or support money, if any, awarded in the judgment, the manner by which said property was acquired and the persons paying or supplying the consideration therefor, the charges or liens imposed thereon to secure payment of alimony or support money, and all the facts and circumstances of the case."

Minn. St. 518.59 reads: "Upon a divorce for any cause, the court may also award to either spouse the household goods and furniture of the parties, whether or not the same was acquired during coverture, and may also order and decree to either spouse such part of the real and personal estate of the other not acquired during coverture, not exceeding in present value one-half thereof, as it deems just and reasonable, having regard to the amount of property decreed under section 518.58, the amount of alimony and support money awarded, if any, the character and situation of the parties, the nature and determination of the issues, and all other circumstances of the case."

Minn. St. 518.63 provides: "The court, having due regard to all the circumstances and the custody of any children of the parties, may award to either party the right of occupancy of the homestead of the parties, exclusive or otherwise, upon a final decree of divorce, or proper modification thereof, for such period of time as may be determined by the court, and such award of the right of occupancy of the homestead, whether exclusive or otherwise, may be in addition to the maximum amount which may be awarded under section 518.59."

cumstances and necessities of each, probability of continuing present employment into future, capacity and ability to obtain new employment under changing circumstances and needs, financial circumstances of the parties as shown by the property acquired, together with its value and income-producing capacity, accumulated debts and liability, all facts with respect to whether the property of the parties has been accumulated before or after marriage, and all other matters disclosed by the evidence. Ruprecht v. Ruprecht, 255 Minn. 80, 96 N. W. (2d) 14."

An award of alimony is granted not as a matter of right, and the award rests in the sound discretion of the trial court. Baskerville v. Baskerville, 246 Minn. 496, 507, 75 N. W. 2d 762, 770 (1956). The relevant statutes on alimony are Minn. St. 518.54, subd. 3, and 518.55.[2]

This court in Holmes v. Holmes, 255 Minn. 270, 274, 96 N. W. 2d 547, 551 (1959), said:

"* * * In reviewing the reasonableness of an award for permanent alimony, the standards to be applied are those set forth in §§ 518.58 and 518.59, having in mind the ability of the husband, the character and situation of the parties, and all the other circumstances of the case."

---

[2] Section 518.54, subd. 3, reads: " 'Alimony' means an award made in a divorce proceeding of payments from the future income or earnings of one spouse for the support and maintenance of the other."

Section 518.55 provides: "Every award of alimony or support money in a judgment of divorce shall clearly designate whether the same is alimony or support money, or what part of the award is alimony and what part thereof is support money. Any award of payments from future income or earnings of the custodial parent shall be presumed to be alimony. Any award of payments from the future income or earnings of the non-custodial parent shall be presumed to be support money unless otherwise designated by the court. In any judgment of divorce the court may determine, as one of the issues of the case, whether or not either spouse is entitled to an award of alimony notwithstanding that no award is then made, or it may reserve jurisdiction of the issue of alimony for determination at a later date."

Phrased another way, the needs of the wife as well as the income of the husband are to be taken into consideration in awarding alimony. Ruprecht v. Ruprecht, 255 Minn. 80, 96 N. W. 2d 14 (1959).[3]

We believe that the division of property by the trial court should not be disturbed. However, taking into consideration the manner and the time of acquisition of the property which the defendant brought to the marriage, the conduct of the marriage and its duration, and all of the other matters as disclosed by the record, we hold that under all of the circumstances of this case the total of the property distributed to plaintiff coupled with the court's award of alimony to her is so excessive as to constitute an abuse of discretion. We are of the opinion that the judgment and decree should be modified so as to provide that defendant shall pay to the plaintiff as permanent alimony the sum of $200 per month; that the life insurance to be maintained by defendant for so long as he shall continue under an obligation to pay alimony as required by paragraph 3 of the trial court's judgment and decree shall be reduced to the face value of $5,000; and that defendant may satisfy such provision by the maintenance of either one of the two policies referred to in said paragraph 3. Except as so modified, the judgment of the trial court is affirmed.

No additional attorneys' fees or costs for this appeal are allowed to either party.

Affirmed in part; modified in part.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[3] Although there have been changes in Minn. St. 518.54, 518.55, and 518.59, the principles enunciated in Holmes v. Holmes, 255 Minn. 270, 96 N. W. 2d 547 (1959), and Ruprecht v. Ruprecht, 255 Minn. 80, 96 N. W. 2d 14 (1959), are still controlling.