ROBERT E. DEWEY, APPELLEE AND CROSS-APPELLANT, V. M. ELLEN SIM DEWEY, APPELLANT AND CROSS-APPELLEE.

226 N. W. 2d 751

Filed March 6, 1975. No. 39324.

Bauer, Galter & Geier, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit and Walter E. Zink, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

On December 12, 1974, we filed our opinion herein. Dewey v. Dewey, 192 Neb. 676, 223 N. W. 2d 826. While our original opinion does not expressly so state, we were in fact ruling upon a motion of the appellee to dismiss. That motion had been filed previous to the filing of briefs and we had reserved ruling thereon. Subsequently briefs were filed and oral argument heard on all issues raised in the briefs. In his brief the appellee asserted a cross-appeal, assigning errors under Rules 1 d and 8 b 3, Revised Rules of the Supreme Court, 1974. This cross-appeal attacked the order of the District Court awarding additional alimony to the appellant.

It is now called to our attention that our ruling on the motion to dismiss did not dispose of the cross-appeal. No mandate has issued and motions by both parties are still pending. We now believe, in the light of the foregoing circumstance, that we should have passed upon the judgment of the lower court rather than merely upon the motion to dismiss. Accordingly our opinion is modified. The portion of the opinion which reads as follows is withdrawn: "The appeal must accordingly be

dismissed. Appeal dismissed." The following is substituted for the part withdrawn:

"The part of the judgment of the lower court denying relief to the defendant is affirmed because the District Court had no power to modify the decree in order to grant the relief requested."

The following is added to the opinion:

The appellee has perfected under Rules 1 d and 8 b 3, Revised Rules of the Supreme Court, 1974, a cross-appeal attacking the part of the decree increasing the alimony awarded defendant. If this award of increased alimony was purportedly made under the provisons of section 42-372, R. R. S. 1943, then it too was void and must be vacated for the reasons already given. An examination of the application to modify and the order of the court affirmatively shows that the award of additional alimony was purportedly made under section 42-372, R. R. S. 1943, and not upon a showing of change of circumstances as authorized by section 42-365, R. R. S. 1943. The trial court specifically found: "That the evidence adduced in support of said motion to modify is cumulative to that adduced prior to November 16, 1972, no new facts or circumstances being shown thereby; . . . that the respondent by said motion seeks only to have the court re-examine the evidence adduced at said trial and arrive at a conclusion opposite and contrary to that contained in said decree of November 16, 1972." The order awarding additional alimony was void and is vacated.

AFFIRMED IN PART, AND IN PART REVERSED.