Sharon S. ARUNDEL, Petitioner,

v.

Edward M. ARUNDEL, Respondent.

No. 48391.

Supreme Court of Minnesota.

May 25, 1979.

Shanedling, Phillips Gross & Aaron and Felix M. Phillips, Minneapolis, for petitioner.

Henson & Efron and Alan C. Eidsness, Minneapolis, for respondent.

Heard before SHERAN, C. J., YETKA, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Appellant-Petitioner Sharon Arundel challenges the division of property and the provisions for alimony and life insurance in this appeal from a Hennepin County District Court judgment and amended judgment dissolving the marriage of the parties. We affirm in part, reverse in part, and remand for modification of the judgment.

In this case, we are dealing with the dissolution of a traditional marriage of many years' duration and considerable wealth. The parties, married 29 years, have five children, one of whom was a minor at the time of trial. The wife, 51, with one year of college, no vocational skills, and minimal work experience as a dictaphone stenographer for a short time before and after her marriage, has been a traditional and exemplary wife, mother, and homemak-

er during the 29-year marriage. The husband, also 51, is a highly successful lawyer, receiving, as a partner in a Minneapolis law firm, a gross yearly income ranging from $91,800 in 1973 to $107,500 in 1976. The parties acquired personal and nonhomestead property worth about $217,600. An additional $63,250 in securities, jewelry, and office furnishings were attributable to respondent's inheritances from his mother and aunt in 1974 and 1975, respectively. The parties also owned a homestead in Edina, purchased in 1976 for $125,000. Additionally, respondent owned insurance policies, whole life and term, with a total face value of $310,000, the beneficiaries of which included respondent's law firm, his estate, his children, and petitioner. Respondent's partnership interest in the law firm was not assigned a value.

At the time of trial, petitioner had certain health problems, including high blood pressure, and was receiving counseling. Respondent's health was good.

In June of 1976, petitioner commenced the action for dissolution of the marriage. Since grounds for dissolution were admitted, the trial on March 23–24, 1977 addressed only property division, alimony and child support. On September 20, 1977, the trial court issued its order for division of the property, child support, and alimony. Petitioner moved for amended findings, which in significant part, were denied. The final judgment and decree made the following provisions:

| PETITIONER | | RESPONDENT | |
|---|---|---|---|
| DIVISION OF PROPERTY: | | | |
| Personal property (household furnishings, stocks, car, boats, jewelry) | | Personal property (retirement plan, car, golf cart, household furnishings, stamps, coins) | |
| | $44,600 | | $44,000 |
| Nonhomestead real property | | Nonhomestead real property | |
| | $25,000 | | $40,750 |
| | $69,000 | | $84,750 |

(To compensate for the above $15,150 difference in respondent's favor, the trial court ordered the following disposition of the proceeds from the sale of the homestead:)

| | | | |
|---|---|---|---|
| Homestead proceeds ($5,000 of which was designated lump sum alimony) | | Homestead proceeds (to offset promissory note encumbering homestead) | |
| | $20,150 | | $30,000 |
| 50% of balance of net proceeds | | 50% of balance of net proceeds | |
| Noncoverture property | | Noncoverture property (inheritance) | |
| | $ –0– | | $63,250 |

ALIMONY: Petitioner was awarded permanent alimony in the amount of $2,000 per month.

LIFE INSURANCE:

Respondent was ordered to provide life insurance listing petitioner as beneficiary in the amount of $125,000 until minor child is emancipated and lump sum alimony is paid, then reduced to $75,000 until 1985, after which time no life insurance was required.

---

Petitioner requests this court to modify the award of property by making a more equal division, to increase the permanent alimony to $3,200 per month, to require respondent to maintain insurance to protect petitioner in the amount of at least $125,000, so long as the alimony continues, and to award attorneys fees in this court. Respondent urges that the trial court be affirmed on each issue, as its judgment was well within the scope of its statutory discretion.

■ 1. We affirm the trial court's division of property. The facts of this case, in particular the length of the marriage and the wealth accumulated through the joint efforts of the parties, justify application of the principle of equal division. See, *Bollenbach v. Bollenbach*, 285 Minn. 418, 175 N.W.2d 148 (1970). It appears on the record before us that, except for $63,250 of respondent's inheritance from his mother and aunt within three years of the dissolution, the trial court's division of property was approximately equal. With respect to the inheritance assets, we note that the evidence of petitioner's exemplary relationship with and services to her husband's family was not totally disregarded, as the trial court segregated only $63,250 out of a possible $108,000 as noncoverture property. While petitioner's need for a substantial property settlement is great, petitioner has no absolute right to any portion of respondent's noncoverture property. Under the provisions of Minn. St. 518.59, which were in effect at the time of the trial court's decision, the trial court could award to one spouse up to one-half of the noncoverture property of the other spouse, as the court deems just and reasonable.[1] The trial court did not do so in this case, and in light of the permanent alimony award and the division of substantial marital property, we find no abuse of discretion.

■ 2. Addressing the question of alimony, petitioner argues that the trial court abused its discretion in awarding permanent alimony in the amount of $2,000 per month rather than $3,200 per month as she requested. While it may be the trend in the law to provide alimony only so long as it is reasonably necessary for the once-dependent spouse to attain self-sufficiency, certain exceptional cases warrant an award of permanent alimony. The trial court recognized, and rightly so, that this is such a case. Petitioner has not been educated to a professional or marketable skill and has been out of the job market for nearly 30 years. Her efforts during those years were devoted to raising five children and maintaining the family home in such a way as to contribute to the establishment and furtherance of her husband's career and to the affluent circumstances in which the family lived at the time of the separation. Now, at 51 years of age, with certain health problems and without vocational skills or independent resources, it is unreasonable, as it was unreasonable in *Cashman v. Cashman*, 256 N.W.2d 640 (Minn.1977), to expect petitioner to be financially successful enough in the labor market to support her needs, although she will doubtless wish to make reasonable efforts to do so. She is entitled to suitable support. Such support is not simply that which will supply her with the bare necessities of life, but such a

---

1. We note that § 518.59 was repealed by L. 1978, c. 772, § 63. The disposition of up to one-half of noncoverture property is now provided by § 518.58 where the trial court finds extreme hardship.

sum as will keep her in the situation and condition in which respondent's means entitle her to live. See, *Cooper v. Cooper*, 298 Minn. 247, 214 N.W.2d 682 (1974); *Botkin v. Botkin*, 247 Minn. 25, 77 N.W.2d 172 (1956). While the life style of both parties will inevitably be affected by the dissolution, petitioner is entitled to maintain her present standard of living to the extent that respondent is reasonably able to provide.

Petitioner submitted a monthly budget of $3,200. Respondent did not demonstrate an inability to pay this amount but did challenge several of the budget items, such as food and gift expenditures, as exaggerated. After receiving the extensive evidence, the trial court concluded that an award of $2,000 per month would enable petitioner to maintain her standard of living. While we are less than convinced that a higher award would not be appropriate in light of the high standard of living enjoyed by the parties and respondent's substantial income, we are not free to substitute our judgment for that of the trial court absent a clear abuse of its discretion. We do not find such an abuse and, accordingly, affirm the alimony award.

3. We find merit in petitioner's final argument that it was an abuse of discretion for the trial court to provide for life insurance to secure her alimony to the extent of $75,000 only until October of 1985, so that after age 60 she will be without any life insurance protection and without any support if respondent dies. The trial court stated as its purpose in ordering respondent to maintain life insurance with petitioner as beneficiary "to secure the child support and alimony payments provided herein." We have allowed provisions for life insurance to secure permanent alimony. See, e.g., *Cooper v. Cooper, supra.* We recognize that in the exceptional case the reasons which justify granting permanent alimony, in this case the long duration of the marriage and petitioner's age and lack of marketable skills, also justify the securing of that alimony. The apparent purpose of this particular life insurance award was to provide alimony in the event that respondent should predecease petitioner. With such a purpose, it does not make sense to remove the insurance protection at a fixed date, other than at the death or remarriage of petitioner. With respect to the amount of life insurance protection provided, we observe that petitioner's entitlement to maintain her station in life could be defeated by an inadequate provision. While noting that respondent himself had named petitioner as beneficiary of policies in the amount of $118,000 at the time of separation, we are constrained to affirm the trial court's award absent an abuse of discretion. We find $75,000, although conservative in light of these circumstances, is within the broad range of the trial court's discretion.

The trial court is instructed to amend its order so that it provides for the maintenance of life insurance in the amount of $75,000, designating petitioner as beneficiary at respondent's expense until he is no longer required to pay permanent alimony.

4. Attorneys fees in this court are allowed to petitioner in the amount of $500.

Affirmed in part, reversed in part, and remanded.

OTIS, J., took no part in the consideration or decision of this case.