In re the Marriage of Mabel M.
ROHLING, Petitioner,
Respondent,

v.

Carl B. ROHLING, Appellant.

No. C9–84–1060.

Court of Appeals of Minnesota.

Feb. 12, 1985.

Review Granted April 26, 1985.

Thomas A. Janson, Schmitt, Johnson & Marso, St. Cloud, for respondent.

James W. Hoolihan, Hoolihan & Neils, St. Cloud, for appellant.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

PARKER, Judge.

The trial court in this dissolution action included in the marital estate retirement funds disbursed to and spent by the husband during the parties' ten-year separation. The court awarded the funds to the husband in dividing the marital estate. The trial court also awarded the wife sole occupancy of the homestead for up to 15 years, subject to an equitable lien in the 60-year-old husband. We reverse and remand.

## FACTS

Appellant Carl Rohling and respondent Mabel Rohling were married in 1946. Carl was the primary wage-earner during the

marriage. Mabel worked primarily as a homemaker raising the parties' seven children, none of whom are currently minors. Both parties were 60 years old at the time the judgment was entered in 1984.

This dissolution was commenced by Mabel in 1974. During the following ten-year period, the parties separated and reunited twice. In 1975 Mabel obtained a temporary order requiring Carl to pay child support and portions of real estate taxes, mortgage payments, and insurance premiums. Carl did not make all the payments as ordered and was found to be in arrears, as of the date of trial, in the amount of $7,096.

In 1979 and 1980, while the parties were separated, Carl received retirement distributions of $11,358.33 and $6,938.56 when his previous employer, Lenarz Printing, sold its business. Carl testified that he spent the money on the children's weddings, furniture for his apartment, income tax, gifts to the children, a used automobile (which remains a marital asset), and living expenses. There are no funds remaining.

Currently Carl is employed as a printer with monthly take-home pay of approximately $1,217 and accrued retirement benefits of $9,143. Carl intends to retire voluntarily at age 62 because of back and esophagus problems. Mabel is presently employed as an escort in radiology at the St. Cloud Hospital and has an eight-grade education. Mabel has monthly take-home pay of $755 and accrued retirement benefits of $1,000.

The trial court found the marital assets to be:

| | |
|---|---|
| 1979 Lenarz retirement distribution, which was paid to and made available to Carl. | $11,358.33 |
| 1980 Lenarz retirement distribution, which was paid to and made available to Carl. | 6,938.56 |
| Bankers Systems, Inc., retirement plan for Carl. | 9,143.10 |
| Homestead | 58,500.00 |
| Carl's automobile | 6,000.00 |
| Mabel's automobile | 500.00 |
| Mabel's retirement benefits (approximate) | 1,000.00 |
| TOTAL | $93,440.00 |

The trial court attempted to divide the marital assets equally. Mabel's share was increased to reflect the arrearages owed by Carl pursuant to the temporary order. The trial court also found:

> [t]hat the homestead of the parties has become an integral part of the life of Petitioner, her family and extended family, including children and grandchildren, and her income and earning potential would not afford her an opportunity to provide like housing elsewhere if she is not awarded possession of the home herein.

Accordingly, the court awarded Mabel legal title to the homestead, subject to an equitable lien in favor of Carl in the amount of $6,601. The lien was made payable on the first of the following events to occur: (a) Mabel's remarriage, (b) sale of the homestead, (c) Mabel's death, or (d) Mabel's cohabitation with a member of the opposite sex.

Carl was awarded his previously distributed and expended retirement funds from Lenarz, his current retirement benefits, his automobile, and other personal property. Mabel was awarded her retirement benefits, her automobile, and other personal property. No maintenance was awarded in consideration of Mabel's exclusive possession of the homestead.

Following post-trial motions, the findings and conclusions were amended to correct the amount of Carl's arrearages and limit the length of time Mabel could possess the homestead, without paying off the lien, to 15 years.

## ISSUES

1. Did the trial court abuse its discretion in including distributed retirement funds in the marital estate when one spouse received and expended the funds four years before the dissolution during a separation spanning ten years?

2. Did the trial court abuse its discretion in effectively denying the husband receipt of his homestead lien until he is 75 years old?

## ANALYSIS

Division of marital property is governed by Minn.Stat. § 518.58 (1982), which provides that "upon a dissolution of a marriage the court shall make a just and equitable division of the marital property of the parties."

▮ The trial court has broad discretion in dividing marital property. *See, e.g., Bogen v. Bogen,* 261 N.W.2d 606, 609 (Minn.1977); *Ferguson v. Ferguson,* 357 N.W.2d 104, 107 (Minn.Ct.App.1984). On review, the trial court's division cannot be set aside unless it is clearly an abuse of discretion. *Taylor v. Taylor,* 329 N.W.2d 795, 797 (Minn.1983).

### I

" 'Marital property' means property, real or personal, including vested pension benefits or rights, acquired by the parties, or either of them, * * * at any time during the existence of the marriage relation between them." Minn.Stat. 518.54, subd. 5 (1982). The Lenarz retirement distributions were acquired during the parties' marriage. We disagree, however, with the trial court's decision to include the funds in the marital property distribution.

Mabel contends that the trial court's ruling is supported by *Bollenbach v. Bollenbach,* 285 Minn. 418, 175 N.W.2d 148 (1970). There the husband used marital assets to secure money for the construction of a home for his wife-to-be, and the Supreme Court said:

> A party to a marriage subject to severance in divorce proceedings cannot be permitted to subvert the orderly processes of the courts by concealing, dissipating, or misusing his assets in anticipation of divorce so as to reduce the property available for division * * *.

*Id.,* 285 Minn. at 428, 175 N.W.2d at 155.

▮ The principle stated in *Bollenbach* does not govern this case for several reasons. First, Carl received the money involuntarily when his employer sold its business. Second, there was no indication that Carl dissipated the funds to avoid sharing them with his wife. Carl testified that he spent the money for essentially family purposes, albeit perhaps not precisely as it would have been spent if the family were intact. Most compelling, however, is that Carl received the retirement funds four to five years before the dissolution hearing. Moreover, even though the parties were separated at the time, Mabel's dissolution action had been languishing for five to six years, during which time the parties resumed living together twice (most recently in 1980). This is a far different factual situation than in *Bollenbach* or *Nolan v. Nolan,* 354 N.W.2d 509 (Minn.Ct.App.1984), *pet. for rev. denied* Dec. 20, 1984, where $20,736 was included in the marital estate because the evidence indicated the husband dissipated that amount within four *months* of his dissolution hearing. *Id.* at 511, 513.

▮ This court affirms the principle that marital assets, if dissipated, must be accounted for in the property distribution. Nevertheless, we hold that in this unusual factual situation the trial court abused its discretion in including the Lenarz retirement funds in the property distribution. Therefore, we remand to the trial court for a recalculation of the marital assets without inclusion of these funds.

### II

▮ The likely result of the trial court's order regarding allocation of Carl's share of the homestead equity is that he will receive nothing for 15 years, at which time he will be 75 years old. Carl argues that this is unfair. We agree.

▮ The trial court has broad discretion in awarding the homestead. *Bogen v. Bogen,* 261 N.W.2d at 611. In this unusual case, however, the trial court erred in denying Carl receipt of the proceeds of his homestead lien until he reaches the outer limit of his life expectancy. *See* 43A Minn. Stat.Ann., Mortality Tables (Supp.1984). Therefore, we remand to the trial court to recalculate the proper length of time for the lien to remain on the homestead.

We observe that the parties' positions will change when they reach age 65 and become eligible for Social Security benefits. To delay payment of the lien beyond that point would strain against the limits of discretion, under the facts of this case.

In view of our resolution of the foregoing issues, we do not reach respondent's denial of maintenance issue.

### DECISION

The trial court abused its discretion in including in the property distribution the Lenarz retirement distribution and in the length of time it allowed appellant's lien to remain on the homestead. We reverse and remand to the trial court to recalculate the marital assets without inclusion of the retirement funds and the appropriate length of time to cap the lien on the homestead.

Reversed and remanded.