In re the Marriage of Wallace ERVIN,
Petitioner, Respondent,

v.

Delores M. ERVIN, Appellant.

No. C4–86–1729.

Court of Appeals of Minnesota.

May 5, 1987.

Review Denied June 26, 1987.

James H. Manahan, Manahan, Partridge, Kurzman & Grant, Mankato, for respondent.

Lorraine S. Clugg, Counsel on Appeal, Kathleen Worner Kissoon Law Office, Minneapolis, for appellant.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

Delores Ervin appeals an order denying a new trial in a dissolution action. Appellant argues the court erred in its exclusion of evidence and valuation and distribution of marital and non-marital properties. We reverse and remand.

## FACTS

During their 24 year marriage Delores and Wallace Ervin inherited, acquired and developed considerable farm properties in Sibley County. Throughout the marriage Delores worked in the Twin Cities, while Wallace farmed and operated a grain storage and hauling business in Sibley County.

The Ervins began the farming operation with 180 acres of land Delores inherited from her father in 1963. This land was valued at $34,200 and had a mortgage of $9,750. The trial court found the non-marital interest to be 71% of the present market value of the land.

The parties built grain storage bins, sheds and a house on the inherited farmland. When this house was completed in 1981, Ervins sold the house in Hopkins where Delores stayed during the week.

The proceeds from the sale of the Hopkins house were placed in a trust account (Manahan account) pending final division of assets. This account totaled $53,666, including a tax refund.

The Ervins acquired 240 acres of additional farmland, 160 acres of which they rented out at the time of trial. Eighty acres of this land had been sold on a contract for deed (Kokésch contract). At the time of trial, this contract had a principal amount owing of $184,000.

Other major assets were: a lake home with no encumbrance, a tractor and trailer used in the grain hauling business, the parties' respective Keogh and pension plans, and their bank accounts.

Wallace's expert valued the land at $1,350 to $1,450 per acre, and the buildings at $217,740. Delores' expert valued the land at $825 to $900 per acre, and the buildings at $100,000.

The trial court valued the homestead property, including the inherited land, buildings and residence, at $351,600, midway between the valuations. The homestead was awarded to Delores and included a non-marital interest from the inheritance calculated at $136,850.

Wallace was awarded exclusive use and possession of the grain storage bins and adjacent sheds on the homestead property for a period of ten years. The court found this use was necessary to the grain hauling and storage business which was awarded to Wallace. Wallace was required to pay Delores 50% of the net rental from the storage bins and to pay the electricity for the entire home place. The court did not value the business.

Delores was awarded the Kokesch contract for deed which the court valued at its face value of $184,000, less the outstanding mortgage balance. There was no testimony as to the present value of the vendor's interest.

The trial court awarded Wallace the non-homestead 160 acres, valued at $240,000, the lake home, the tractor and trailer, his

own Keogh plan and several bank accounts. Delores received her pension plan and bank accounts.

Approximately 60% of the "Manahan trust account" was awarded to Wallace. The court refused to permit Delores to establish her non-marital claim to the Hopkins house proceeds on the grounds she failed to disclose such a claim in discovery. Testimony regarding a non-marital claim to the non-homestead land was excluded on the same basis.

Delores had been asked by interrogatory to provide a list of assets and "the basis of any claim as to non-marital status." Her answers noted the Hopkins residence but made no claim of non-marital asset. In her answers to requests for admission, however, she stated this claim to the house in Hopkins as well as to unspecified non-homestead lands.

## ISSUES

1. Did the trial court err in excluding evidence of other non-marital claims?

2. Did the trial court abuse its discretion in the valuation and division of marital assets?

## ANALYSIS

### 1. *Non-marital claims*

The trial court's exclusion of evidence of non-marital claims is not supported by the record, which shows that Delores disclosed the claims in requests for admissions and a motion affidavit served one month before her deposition. Wallace had notice of the non-marital claims to the Hopkins house and non-homestead farmland.

■ The statute requires a "just and equitable division of the marital property." Minn.Stat. § 518.58 (1986). Although property is presumed to be marital property, the statute affords a spouse the opportunity of presenting evidence to overcome that presumption. Minn.Stat. § 518.54, subd. 5 (1986). It was error to exclude such evidence.

### 2. *Valuation and division of marital property*

Delores contends the trial court erred in valuation of the contract for deed and the farmland, and in allowing Wallace continued use of the grain bins and sheds on the homestead. She claims the overall distribution of marital assets favored Wallace with a disproportionate share of the liquid assets.

#### a. *Contract for deed*

■ It is an abuse of discretion to value contracts for deed at their face value by disregarding evidence of present value of the contracts. *March v. Crockarell*, 354 N.W.2d 42, 46 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 10, 1985). Here, there was no evidence of present value of the Kokesch contract because the parties agreed to equally divide the vendor's interest. Under these circumstances, the trial court abused its discretion in ignoring their agreement.

#### b. *Farmland valuation*

■ The value placed on the homestead acreage by the trial court was in between the two expert valuations. *See Quade v. Quade*, 367 N.W.2d 87, 89 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. July 11, 1985) (court's valuation should be sustained if it falls within the range of estimates made by witnesses). It is well within the trial court's discretion.

#### c. *Use of the grain bins*

Delores argues that the 10–year lease of the grain bins prevents her from selling the homestead, denies her full use of the property, and prolongs marital strife by postponing a full severance of the relationship.

■ The 10–year lease on the grain bins and sheds is an encumbrance affecting marketability of the homestead. We believe the lease forces Delores to subsidize the business, which was not even valued as a marital asset. Delores contributes some of the primary physical assets of the business, at a forced price, while receiving no credit in the distribution for Wallace's re-

ceiving the entire business, unquestionably a marital asset. There is no provision for an accounting of the net rental proceeds, nor any provision for insurance.

A dissolution judgment should attempt as complete a separation of the spouses' interests as possible in order to avoid prolonging marital strife. *See Bogen v. Bogen,* 261 N.W.2d 606, 611 (Minn.1977). "[S]hared rights of occupancy," are a primary concern. *Id.*

Here, much of the pretrial strife involved invasions of privacy and occupancy of the homestead. The lease provision, which includes no restriction on Wallace's right of access, can only exacerbate bitterness between the parties. *See Johnson v. Johnson,* 284 Minn. 181, 184–85, 169 N.W.2d 595, 597 (1969) (award of undivided one-half interests in land in a bitterly contested divorce was an abuse of discretion).

In light of our decision on these issues, we need not address the equity of the distribution as a whole.

## DECISION

The trial court abused its discretion in excluding evidence of other non-marital claims, in failing to incorporate the parties' agreement to equally divide the contract for deed, and in granting respondent a 10–year lease on property awarded to appellant. We remand for an equal division of the contract for deed, for further evidence of Delores' non-marital claims and reconsideration consistent with this opinion.

Reversed and remanded.